[No. 18607. Department One. June 24, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. MIKE KORICH, *Appellant*.[1]

LARCENY (12) — INFORMATION — ISSUES, PROOF AND VARIANCE Where the prosecuting witness was drugged and his money taken from his person while he was unconscious, the defendants were guilty of grand larceny, as defined by Rem. Comp. Stat., § 2601, subd. 1; and the prosecution is not shown to have been under Id., subd. 2, relating to obtaining money by trick or device, by an inadvertent remark of the prosecuting attorney that he would prove that the prosecuting witness was flim-flammed and buncoed out of his money.

CRIMINAL LAW (209) — TRIAL — APPOINTMENT OF INTERPRETER — DISCRETION. The appointment of an interpreter is a matter resting in the discretion of the trial court, to be disturbed only upon a showing of abuse.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered December 1, 1923, upon a trial and conviction of larceny. Affirmed.

*A. O. Burmeister* and *M. J. Gordon,* for appellant.

*J. W. Selden* and *Leo Teats,* for respondent.

PARKER, J.—The defendant was charged by information filed in the superior court for Pierce county with the crime of grand larceny, as follows:

"That the said Mike Korich in the county of Pierce, in the state of Washington, on or about the 14th day of May, Nineteen hundred and 23 then and there being unlawfully and feloniously and with intent to deprive and defraud George Nizetich, the owner thereof, did take, steal and carry away from said George Nizetich, $4595.00 lawful money of the United States of America, of the value of $4595.00."

A trial before the court, sitting with a jury, resulted in a verdict of guilty and a judgment rendered thereon

[1]Reported in 226 Pac. 1016.

against the defendant, from which he has appealed to this court.

The evidence tended strongly to show, and the jury was fully warranted in believing, as they evidently did believe, the following facts: The prosecuting witness Nizetich, at the time in question, had saved from his earnings approximately $5,000, which he then possessed in the form of Liberty bonds and savings stamps in a safe deposit box and in bank deposits. He was induced by appellant and another to get these funds and have them upon his person with a view of buying a farm. This he did, having reduced the Liberty bonds to money. These three were in a hotel in a room at Tacoma. While there, in an apparently friendly conversation concerning the prospective farm purchase, Nizetich was given a drink of water by one of the others and was thereby drugged. He very soon became sleepy and helpless, to the extent that he was not even able to talk, though conscious of what was going on about him. While he was in this condition, one of the others took from his pocket his money and placed it in his (Nizetich's) grip setting near the bed, telling Nizetich that his money was in his grip. Nizetich almost immediately thereafter became unconscious, having lain down on the bed. The next morning when he woke up his money was gone. Just when his money was taken does not clearly appear, but later occurrences strongly corroborate the theory of the prosecution that appellant took the money following Nizetich's becoming wholly unconscious.

It is contended in behalf of appellant that the trial court erred to his prejudice in refusing to strike from the consideration of the jury "all the evidence in connection with the bunco, so-called, or confidence game." Counsel for appellant do not call our attention to any

evidence tending to show the prosecution of appellant upon this theory, nor are we able to discover from our reading of the statement of facts any evidence lending any substantial support to any such theory on the part of the prosecution. It does appear, however, that the prosecuting attorney, at the close of his opening statement before the jury as to what the state expected to prove, concluded his remarks as follows: "And we will prove, I think conclusively, that he (Nizetich) was flimflammed and buncoed out of his money down in the hotel on this old grip trick." Counsel for appellant argue that appellant was, in the actual trial of the case, prosecuted by the state upon the theory that he was guilty under subd. 2, § 2601, Rem. Comp. Stat. [P. C. § 8944], though he was manifestly charged under subd. 1 by the language of the information. That section, in so far as we need here notice its language, reads as follows:

"Sec. 2601. Every person who, with intent to deprive or defraud the owner thereof—

"(1) Shall take, lead or drive away the property of another; or

"(2) Shall obtain from the owner or another the possession of or title to any property . . . by any trick, device, bunco game or fortune-telling; . . .

"Steals such property and shall be guilty of larceny."

As we read this record, we do not see in it any effort or intent on the part of the prosecution to prove appellant guilty under subd. 2 of the section above quoted, except possibly the somewhat inadvertent concluding remark above quoted, made by the prosecuting attorney in his statement of the case to the jury. This, we think, should be considered as of no moment in our present inquiry in view of the evidence actually introduced by the prosecution. The case, to our mind, is

one of plain, simple grand larceny. Nizetich was not induced by any trick or device or bunco game to willingly part with his money. The taking of his money was at all times against his will and consent. This, we think, is enough to make the charge maintainable under subd. 1 of the section above quoted. These observations also dispose of the contention of counsel for appellant that the court erred in refusing to give a certain instruction based upon the assumption that the prosecution became in effect one under subd. 2, and therefore for a different offense from that with which he was charged, or at least as being committed in a different manner than was charged.

It is further contended in behalf of appellant that the court erred to the prejudice of appellant in refusing to appoint an interpreter for Nizetich while testifying upon the witness stand. This was a matter within the discretion of the trial court which, it seems quite clear to us, was not abused so far as can be determined from the record before us.

Some contention is made and briefly argued in behalf of appellant that the evidence does not support the verdict and judgment. This contention, we think, is wholly without merit.

The judgment is affirmed.

MAIN, C. J., MACKINTOSH, TOLMAN, and HOLCOMB, JJ., concur.